UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CELINA MALTESE, on behalf of
D.W., her minor child,

                                Plaintiff,

                  -against-

MIDDLE COUNTRY CENTRAL
SCHOOL DISTRICT, JENNIFER HARRISON,
and ACME BUS CORP.,

                               Defendants.
------------------------------------------------------------------X

Case No.

**COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY**

      Plaintiff, CELINA MALTESE, by and through her attorney, John J. Leonard, files this Complaint on behalf of her minor child, D.W., against the MIDDLE COUNTRY CENTRAL SCHOOL DISTRICT ("MCCSD"), JENNIFER HARRISON ("Harrison"), ACME BUS CORP. ("Acme") (MCCSD and Acme are referred to hereinafter collectively as the "Defendants") stating as follows:

## NATURE OF THE ACTION

      1.      This is a civil action for damages based upon the MCCSD's violation of Title IX of the Education Amendments of 1972 (hereinafter "Title IX"), as amended, 20 U.S.C. §§ 1681 *et seq.*, Harrison's violation of 42 U.S.C. § 1983, and the Defendants' negligence under New York state law.

      2.      Plaintiff alleges that her son, a student with special needs attending Centereach High School, was sexually assaulted on a school bus owned and operated by Acme, and run by the MCCSD to transport children to and from school. Plaintiff alleges that she promptly notified the MCCSD of the assault through Harrison, but that the MCCSD and Harrison did nothing to address it. Plaintiff alleges that, as a result of the MCCSD's and Harrison's failure to investigate and address the assault, her son was exposed to additional harassment by the perpetrator and other classmates, and that although the MCCSD and Harrison were aware of the initial assault

1

and the ongoing harassment, they failed and refused to do anything about it. Plaintiff alleges that the MCCSD and Harrison demonstrated deliberate indifference to severe, pervasive and objectively offensive harassment that deprived her son of access to educational opportunities and benefits provided by the school in violation of Title IX of the Education Amendments Act of 1972. Plaintiff also alleges that Harrison's deliberate indifference to the conduct alleged in this Complaint deprived her son of his right to a his property interest in a public education free of sexual assault and harassment without the due process of law to which the Fourteenth Amendment to the Constitution of the United States entitles him, in violation of 42 U.S.C. § 1983. Plaintiff alleges that she and her son are entitled to: (a) injunctive relief, (b) damages for her son's emotional distress, (c) reimbursement of medical expenses and other costs associated with (d) attorney's fees and costs of litigation.

3.  The Plaintiff further alleges that the assault was foreseeable and preventable and thus, pursuant to New York state law, that the Defendants are liable to the Plaintiff and her son for their negligence in failing to avoid and prevent the assault from happening in the first place. The Plaintiff seeks monetary damages, reasonable attorney's fees and the costs of litigation.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and principles of supplemental jurisdiction, 28 U.S.C. § 1367.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 139l(b) and (c) because a the events giving rise to the claim occurred in the Eastern District of New York, and because Defendants regularly transacted business in this District, such that they are subject to personal jurisdiction in this district.

## THE PARTIES

6.  CELINA MALTESE ("Plaintiff") is a natural person who resides in the State of New York with a current residence in Suffolk County.

7. D.W. is the Plaintiff's minor son who was a student at Centereach High School in Centereach, New York. D.W. is a special needs student with a diagnosis on the autism spectrum.

8. Defendant MCCSD is, upon information and belief, a public educational institution located in the State of New York, County of Suffolk, which operates the Centereach High School in Centereach, New York.

9. Defendant Acme is, upon information and belief, a school bus company that owns and operates buses run by the MCCSD for the transportation of Centereach High School students to and from school.

10. Defendant JENNIFER HARRISON ("Harrison") is a natural person who is employed by the MCCSD as its Director of Pupil Personnel Services.

## FACTS

11. On January 26, 2018 at approximately 2:30 p.m., D.W. was on mini bus K owned and operated by Acme and run by the MCCSD for the transportation of Centereach High School students from school to their homes.

12. The mini bus was parked at the school and boarding students from Centereach High School.

13. K.V., another Centereach High School student known to D.W., boarded mini bus K after him.

14. K.V. walked over to where D.W. was sitting and sexually assaulted him.

15. K.V. grabbed D.W., forced her hands down his pants and into his underwear, and grabbed his penis.

16. D.W. screamed and yelled for her to stop but she did not.

17. On the date in question, there was no adult supervision on the bus except for a bus driver who only asked K.V. to stop what she was doing and to sit closer to the front of the bus near her.

3

18. K.V. did not comply with the bus driver's commands.

19. Upon information and belief, K.V.'s behavior on the bus was foreseeable.

20. Upon information and belief, other criminal sexual assaults have occurred on the bus of which Acme and MCCSD have been aware.

21. For example, D.W. experienced similar sexual assault on the buses operated by MCCSD and Acme in the past.

22. During summer school in 2015, D.W. was sexually assaulted by another student, A.M, also while riding on the mini bus owned and operated by Acme for the transportation of Centereach High School students by MCCSD.

23. At the time of that incident, the MCCSD and Centereach High School administrations were made aware of the assault but did nothing about it.

24. At all times relevant herein, MCCSD and Acme do not equip their buses with any electronic technology meant to ensure the safety of the students they transport to and from school.

25. At all times relevant herein, MCCSD and Acme did not staff their school buses with any personnel intended to monitor the children on the bus and ensure their safety.

### MCCSD'S POLICIES WITH REGARD TO SEXUAL HARASSMENT AND SEXUAL ASSAULT

26. Pursuant to MCCSD's Policy Manual section entitled Sexual Harassment Regulation, Policy No. 0110R, complaints of sexual harassment must be reported "as soon as possible after the incident in order to enable the district to effectively investigate and resolve the complaint."

27. "Victims are encouraged to submit the complaint in writing; however, complaints may be filed verbally." MCCSD Policy No. 0110R.

28. Any school employee receiving a complaint of sexual harassment – which includes criminal sexual assault – is required to report the complaint to the Principal and/or the Title IX coordinator. MCCSD Policy No. 0110R.

29. "The Principal or the Title IX coordinator shall conduct a preliminary review when they receive a verbal or written complaint of sexual harassment...." MCCSD Policy No. 0110R - Investigation and Resolution Procedures.

30. MCSSD Policy No. 0110R - Investigation and Resolution Procedures – also identifies the measures that the District, through the school principal and the Title IX coordinator, must take to investigate and resolve complaints of sexual harassment which include, but are not limited to, interviewing the victim, reviewing the victim's documentation of the harassment (and, if necessary, assisting the victim in appropriately documenting the sexual harassment), referring the victim to appropriate victim services (e.g., school social workers, school psychologists, crisis team managers, other school staff or appropriate outside agencies for counseling services), instructing the alleged harasser to have no contact or communication with the victim, interviewing witnesses to the complaint, and reviewing all documentation regarding the complaint.

31. Moreover, Policy No. 5300.35 of the MCCSD Policy Manual requires "The Principal or his designee [to] notify appropriate local law enforcement agency (*sic*) of those Code violations that constitute a crime and substantially affect the order or security of a school as soon as practical, but in no event later than the close of business the day the Principal or his/her designee learns of the violation. The notification must identify the student and explain the conduct that violated the Code of Conduct and constituted a crime."

### PLAINTIFF'S COMPLAINT TO MCCSD AND MCCSD'S FAILURE TO ACT

32. Plaintiff promptly reported the incident to one of D.W.'s teachers, Domenik Veraldi, as well as Dr. Jennifer Harrison, MCCSD's Director of Pupil Personnel Services who

was also at all times relevant herein a Dignity Act Coordinator for the MCCSD pursuant to NY's "Dignity Act" - NY Education Law Article 2, §§ 10 – 18 – Dignity for All Students.

33. Dignity Act Coordinators are members of the school faculty and administration who are specially charged with overseeing and enforcing the anti-harassment and anti-bullying regulations that each school district was required by the NYS Legislature to promulgate and adopt with its passage of the Dignity Act.

34. Harrison incorrectly informed the Plaintiff that she needed to file a written report with the school district in order for D.W.'s allegation of sexual assault to be investigated.

35. Harrison also incorrectly informed the Plaintiff that the only thing that she could do to address the situation was to change D.W.'s IEP ("Individualized Education Program") to indicate that he needed a bus matron on the bus notwithstanding the fact that placing such a designation on D.W.'s IEP would constitute a negative entry thereon because it would, in essence, mean that his disability was so severe that he requires a bus matron to ensure his safe transportation to and from school.

36. At no time did D.W. require a bus matron on the bus due to the severity of his disability. A bus matron would only have been necessary to protect him and prevent him from being the victim of a foreseeable crime, namely, sexual assault.

37. As such, amending D.W.'s IEP to state that he needed a bus matron would, in fact, punish D.W. for being assaulted.

38. MCCSD did nothing to address the incident.

39. No member of the MCCSD administration or the Centereach High School administration ever interviewed D.W. concerning his complaint.

40. No member of the MCCSD administration or the Centereach High School administration reviewed or assisted D.W. with the documentation of his complaint.

41. No member of the MCCSD administration or the Centereach High School administration referred D.W. to any appropriate victim services.

42. Upon information and belief, K.V. was never interviewed or disciplined for her conduct.

43. Upon information and belief, no member of the MCCSD administration or the Centereach High School administration ever reported the incident to any local law enforcement agency having jurisdiction over the investigation, charging and prosecution of such criminal conduct.

44. Upon information and belief, the MCCSD and Harrison failed to take appropriate action with regard to the criminal conduct described in this complaint because the complainant, D.W., is male.

45. Upon information and belief, MCCSD and Harrison would have conducted an exhaustive investigation of the criminal conduct described in this complaint had the complainant been female.

46. Upon information and belief, MCCSD and Harrison showed deliberate indifference to D.W.'s complaint of sexual assault because they and MCCSD's employees are operating under outdated ideas about the methods and modalities of sexual assault such that either a man cannot be the victim of a sexual assault perpetrated by a woman, or a sexual assault perpetrated by a woman against a man is not worthy of reporting, investigation and prosecution.

47. MCSSD's and Harrison's failure to investigate and/or take action on D.W.'s complaint of sexual assault has severely affected his ability to continue to attend school at Centereach High School.

48. The MCCSD never required K.V. to stay away from D.W.

49. K.V. on more than one occasion since the incident made comments to D.W., walked up to him during lunch time and taunted him and took his picture without his consent and has engaged in conduct which made D.W. feel uncomfortable and unsafe at school.

50. The MCCSD's and Harrison's failure to take any action with regard to K.V. has encouraged D.W.'s classmates to taunt him and make fun of him that a "girl" assaulted him.

51. The assault and Harrison's and the MCCSD's failure to do anything about it has left D.W. feeling victimized and unable to trust his teachers and aides at Centereach High School. Further, D.W. has been taunted and bullied by his class mates regarding the assault, leaving him sad and unwilling to engage in social activities in school that he once enjoyed. D.W. is also suffering from flashbacks and sleep disturbance, and the Plaintiff has had to seek psychological counseling for D.W. to address his anxiety and upset concerning school. The MCCSD's failure to address the complaint has destroyed his reputation with his classmates, made him the butt of their jokes and has had a negative impact on his ability to pursue an education at Centereach High School.

52. The Plaintiff informed the MCCSD of the negative impact their failure to act was having on D.W. and his education but the MCCSD refused to do anything to address the assault or its impact on D.W.

53. As a result of Harrison's and the MCCSD's inaction, and as a result of the negative impact that inaction has had on D.W.'s education, the Plaintiff had to remove D.W. from Centereach High School and home school him.

54. The Plaintiff served the MCCSD with a Notice of Claim by certified mail on March 16, 2018.

### FIRST CAUSE OF ACTION
### AGAINST DEFENDANT MCCSD

**(VIOLATION OF TITLE IX – 20 U.S.C. §§ 1681, *et seq.*)**

55. Plaintiff repeats and realleges all of the allegations set forth in paragraphs 1 through 54 as if fully set forth herein.

56. D.W. was sexually assaulted on a school bus owned and operated by Acme, and run by the MCCSD to transport children to and from Centereach High School.

57. Plaintiff promptly notified the MCCSD of the assault, but the MCCSD did nothing to address it.

58. As a result of the MCCSD's failure to investigate and address the assault, D.W. was exposed to continuing harassment by the perpetrator and other classmates.

59. The MCCSD was aware of and was made aware of the ongoing harassment, but failed and refused to do anything to address it.

60. MCCSD demonstrated deliberate indifference to D.W.'s complaints.

61. The assault and harassment that D.W. experienced was severe, pervasive and objectively offensive and deprived D.W. of access to educational opportunities and benefits provided by the school.

62. D.W. was damaged by the MCCSD's deliberate indifference to his complaints of sexual assault and harassment.

## SECOND CAUSE OF ACTION
## AGAINST HARRISON

### (VIOLATION OF TITLE IX – 42 U.S.C. § 1983)

63. Plaintiff repeats and realleges all of the allegations set forth in paragraphs 1 through 62 as if fully set forth herein.

64. D.W. was sexually assaulted on a school bus owned and operated by Acme, and run by the MCCSD to transport children to and from Centereach High School.

65. Plaintiff promptly notified the MCCSD of the assault by reporting the assault to Harrison.

66. Harrison did nothing to address the assault.

67. As a result of the Harrison's failure to address the assault, D.W. was exposed to continuing harassment by the perpetrator and other classmates.

68. Harrison had actual knowledge of the ongoing harassment, but failed and refused to do anything to address it.

9

69. Harrison's failure to act demonstrated deliberate indifference to D.W.'s complaints.

70. The assault and harassment that D.W. experienced was severe, pervasive and objectively offensive.

71. D.W. has a cognizable property interest in a public education free of sexual assault and harassment.

72. Harrison, by and through her failure to address the sexual assault and harassment of which she had actual knowledge, deprived D.W. of his aforementioned property interest in violation of his right to due process of law as provided for in the Fourteenth Amendment to the Constitution of the United States of America.

73. D.W. was damaged by Harrison's deliberate indifference to his complaints of sexual assault and harassment, and the deprivation of his property interest in a public education free of sexual assault and harassment.

## THIRD CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

### (NEGLIGENCE UNDER N.Y. STATE LAW)

74. Plaintiff repeats and realleges all of the allegations set forth in paragraphs 1 through 73 as if fully set forth herein.

75. The Defendants had a duty to protect D.W. from foreseeable sexual assault on their buses.

76. Moreover, the MCCSD and Harrison had a duty to properly investigate and address the misconduct and abuse of which it had actual knowledge.

77. The Defendants breached their duties to D.W.

78. The conduct of the MCCSD and Harrison was willful and wanton.

79. The Plaintiff and D.W. were damaged due to the Defendants' breach of their duties to protect D.W. from foreseeable sexual assault on the buses that they own and operate,

and to investigate and address the sexual assault and resulting harassment to which D.W. was exposed.

80. The Defendants' breach of their duties to D.W. was the proximate cause of the damages incurred by the Plaintiff and D.W.

**WHEREFORE**, Plaintiff respectfully requests:

A. Injunctive relief prohibiting the MCCSD and Harrison from continuing to engage in the behavior alleged in this action and requiring the MCCSD and Harrison to take effective steps to prevent sexual assault and harassment from occurring in the schools operated by the MCCSD;

B. Compensatory damages against all Defendants for D.W.'s psychological and emotional distress, unreimbursed out of pocket medical and other expenses incurred as a result of the conduct alleged in this action;

C. Punitive damages against Harrison pursuant to 42 U.S.C. § 1983 in an amount to be determined at trial;

D. Nonpecuniary damages in an amount to be determined at trial;

E. Reasonable attorney's fees and costs of suit; and

F. Such other and further relief as the Court deems just and proper.

Dated: May 19, 2018

JOHN J. LEONARD (JL2565)
THE LAW OFFICE OF JOHN J. LEONARD
51 Division Street # 515
Sag Harbor, NY 11963
Tel: (631) 458-1710

*Attorney for Plaintiff*